Richard P. Doyle, Jr. (State Bar No. 112459)
Howard A. Janssen (State Bar No. 045385)
JANSSEN DOYLE LLP
2540 Camino Diablo, Suite 220
Walnut Creek, CA 94597
Telephone: (925) 295-1805
Facsimile: (925) 295-1801

**Attorneys for Plaintiff**
Mark Sundberg

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Mark Sundberg,

Plaintiff,

vs.

James Partington, and Behavior Analysts, Inc., a California Corporation,

Defendants.

Case No. 07-02093 JSW

**COMPLAINT FOR DECLARATION OF COPYRIGHT OWNERSHIP AND INJUNCTIVE RELIEF AND DAMAGES BASED ON UNFAIR COMPETITION (FEDERAL AND STATE LAW), TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, BREACH OF CONTRACT, AND ACCOUNTING**

**JURY TRIAL DEMANDED**

JANSSEN DOYLE, LLP

Plaintiff, Mark Sundberg ("Plaintiff"), hereby alleges:

PARTIES

1. Plaintiff, Mark Sundberg resides in Concord, Ca.

2. Defendant, Jim Partington resides in Pleasant Hill, California.

3. Defendant Behavior Analysts, Inc., is a California corporation, which, on information and belief, is controlled by Defendant, Jim Partington.

JURISDICTION

4. This Court has personal jurisdiction over this action. The plaintiff is a citizen of the State of California, and the defendant is a citizen of the State of California doing business in this district in the State of California.

5. This Court has federal question jurisdiction to determine the copyright ownership of the herein mentioned works and that they were not a "work for hire," and whether they were "joint works" under 17 U.S.C. Section 101. Supplemental jurisdiction exists over plaintiff's state law claims (unfair competition under California law arises under Cal. Bus. & Prof. Code § 17200, et seq, and California common law) pursuant to 28 U.S.C. Section 1367.

VENUE

6. Venue is proper in the Northern District of California because the events giving rise to Plaintiff's cause of action occurred in Northern California, and because defendants are domiciled in and are residents of this District.

BACKGROUND FACTS

7. This cause of action is based on Defendants' wrongful assertion of sole copyright ownership in four works which address the teaching of language to autistic children, and which were either jointly authored by Plaintiff Dr. Sundberg and Defendant Partington or which were derived from copyrighted materials that were originally created by Dr. Sundberg.

8. The works at issue are: (1) "Teaching Language to Children with Autism or Other Developmental Disabilities" (Sundberg & Partington, 1998); (2) "Assessment of Basic Language and Learning Skills (The ABLLS): An Assessment for Language Delayed Students" (Partington & Sundberg, 1998); (3) "Assessment of Basic Language and Learning Skills (The ABLLS): Instruction and IEP Guide" (Partington & Sundberg, 1998); and (4) "Quick Tips" (2001).

9. Plaintiff's federal claim, brought pursuant to 28 U.S.C. Section 2202 and by reason of the copyright laws of the United States, 17 U.S.C., Section 101, et seq., is for (1) a declaration of joint authorship and co-ownership of federal copyright in the works in question; and (2) pursuant to the rights accorded joint authors, for an accounting of profits from any prior, current or future publication and/or sale of said works.

10. This cause of action is based on defendants' wrongful assertion of sole copyright ownership in four works which address the teaching of language to autistic children and which were either jointly authored by Plaintiff Dr. Sundberg and Defendant Partington or which were derived from copyrighted materials that were originally created by Dr. Sundberg.

11. As a psychologist, Dr. Sundberg has for 30 years been a leading researcher and clinician for developmentally disabled children with a special focus on children with autism. He has developed leading theories and teaching tools applying B.F. Skinner's analysis of verbal behavior to language assessment.[1] Professor Skinner is considered one of the world's leading experts in verbal behavior.

12. He earned his Ph.D. at Western Michigan University where he began to focus on verbal behavior research. His doctoral dissertation was on empirical research on the application of Skinner's theory to language assessment and intervention, and he finished his Ph.D. in December of 1980.

---

[1] "B. F." Skinner (March 20, 1904 – August 18, 1990) was an American psychologist and author. He conducted pioneering work on experimental psychology and advocated behaviorism, which seeks to understand behavior as a function of environmental histories of experiencing consequences. He also wrote a number of controversial works in which he proposed the widespread use of psychological behavior modification techniques, primarily operant conditioning, in order to improve society and increase human happiness; and as a form of social engineering.



JANSSEN DOYLE, LLP

13. Dr. Sundberg has a Ph.D. in psychology and is a nationally known expert on assessing the linguistic capabilities of autistic children and in devising effective strategies for teaching language to such children. Dr. Sundberg has authored over forty articles, books or book chapters on teaching basic language and learning skills to children with autism or other developmental disabilities.

14. Dr. Sundberg, originally developed the basic concepts and assessment techniques which are at the heart of this dispute in the 1970s, while a Research Director at the Kalamazoo Valley Multihandicap Center (KVMC) and later in the Ph.D. program in psychology at Western Michigan University ("WMU") in Kalamazoo, Michigan. At WMU, Dr. Sundberg studied under Dr. Jack Michael, who is considered the world's leading expert in B.F. Skinner's analysis of verbal behavior.

15. Dr. Sundberg originally met Dr. Partington in the mid 1970s, when both were employed to teach in the same classroom at KVMC.

16. The Defendant, Jim Partington was one of his supervisors in a classroom of 12 developmentally disabled children. Defendant Jim Partington left the Kalamazoo Valley Multihandicap Center in 1976 and took a job in Detroit.

17. Defendant Jim Partington left Kalamazoo Valley Multihandicap Center before the verbal behavior program at issue was developed by Dr. Sundberg.

18. Dr. Sundberg was promoted to the full time position of "Staff Coordinator" at Kalamazoo Valley Multihandicap Center in the Spring of 1976, and did all the hiring and training for the program's approximately 100 staff members (many were part time), and supervised the component coordinators (there were approximately 80 developmentally disabled children in the program).

19. As a graduate student, Dr. Sundberg conducted research and, first independently, and then with others, published the first manuals on the application of Skinner's analysis to language assessment and intervention. (Sundberg, 1978); (Sundberg, Ray, Braam, Stafford, Rueber, & Braam, 1979). The basic conceptual components and methodologies of the works at issue in this suit were contained in those manuals. Dr. Partington was not involved in any of this



JANSSEN DOYLE, LLP

JANSSEN DOYLE, LLP

work.

20. Dr. Sundberg's doctoral dissertation, which was completed in 1980, was on empirical research on the application of Skinner's theory of verbal behavior to language assessment and intervention in autistic children. This work also contains the basic components of what was later to become the works in question here.

21. In 1983, Dr. Sundberg published a book chapter on how to use Skinner's analysis of verbal behavior for language assessment. This chapter contains the basis elements of the ABLLS works.

22. In 1987, Dr. Sundberg re-wrote the language assessment and intervention manual he had originally published in 1978 and sent it to three publishers for publication; none accepted it.

23. In 1988, Dr. Partington and Mary Ann Powers, Ph.D. formed the Defendant Behavior Analysts, Inc., and Dr. Sundberg agreed to work with them on a part time basis (about ten hours per week).

24. In 1990, Dr. Sundberg re-wrote his 1987 assessment and intervention manual (Sundberg, 1990) and submitted it to another publisher, and again it was rejected.

25. In 1990, Dr. Partington, Dr. Powers and Dr. Sundberg started STARS school in Danville, CA, which was designed to be essentially the same as their much earlier classroom in Kalamazoo, Michigan. The language curriculum was based on the verbal behavior assessment and intervention program as described in Dr. Sundberg's 1990 book. Dr. Sundberg initially worked about ten hours a week at the school as the Senior Behavior Analyst, then around 1995 begin to work about 20 hours a week at the school. The school program became popular because of its success with children with autism.

26. In 1993, Dr. Sundberg invited Dr. Partington to co-author the assessment and intervention material with Dr. Sundberg and to self-publish it through Defendant, Behavior Analysts, Inc. They decided to break up the manual into two separate books. Dr. Partington agreed to do the manual typing of the data into all of the word processing cells. Dr. Sundberg did the outline for the word processing cells. The manual task of moving data into the cells was done

JANSSEN DOYLE, LLP

by Dr. Partington. As the typing of this information took a good deal of time, Dr. Sundberg gave Dr. Partington first authorship on the ABLLS because of the labor involved in creating and typing in the text for over 1500 cells. Otherwise, Dr. Partington did very little work on the Teaching Language book. He only wrote one chapter that required extensive editing and revision, and made the charts and tables.

27. In 1998, the two books – the ABLLS and the Teaching Language book – came out and within several months began selling very rapidly. Dr. Partington and Dr. Sundberg have been conducting ABLLS and Teaching Language workshops around the world ever since and have been keynote speakers at several conferences.

28. The parties never had a written agreement regarding copyright ownership or the sharing of royalty profits from the ABLLS or Teaching Language books. The parties ultimately arrived at an oral agreement for sharing royalties in the books and later modified that agreement adopting a separate formula for each book.

29. After these events, Dr. Partington moved his office out of the school to a private office in Pleasant Hill. Several disagreements occurred between Dr. Sundberg and Dr. Partington regarding how the books were being managed and Partington's departure from the school.

30. In 2001, Behavior Analysts published and began selling "Quick Tips," which includes materials from the 1998 publications of Drs. Sundberg and Partington. A Behavior Analyst employee put the material from those earlier jointly authored publications into a "quick tips" format. Dr. Sundberg is not listed as an author on Quick Tips, nor has he ever received any royalties from its sales.

31. In 2004, Dr. Partington bought out Dr. Power's share in Behavior Analysts, Inc. and Dr. Powers and Dr. Sundberg left the business and the school. Defendant, Partington brought in new staff, including a new CEO, Fred Madriaga.

32. On October 25, 2005, Mr. Madriaga informed Dr. Sundberg by letter that Defendant, Behavior Analysts, Inc. was claiming sole copyright ownership in both the ABLLS and in the Teaching Language books and that it would "aggressively pursue any party that infringes these works, whether caused by the unauthorized use or the unauthorized creation of

JANSSEN DOYLE, LLP

derivative works." The text of Mr. Madriaga's October 25, 2005 letter is as follows:

*October 25, 2005*

*Mr. Mark Sundberg, Ph.D.*
*1236 Stafford Avenue*
*Concord, CA 94521*

*Dear Mark,*

*Last August, I sent you an email requesting that you work with us on a written agreement regarding future collaboration on Teaching Language and ABLLS. We did not receive a reply. We send this letter to determine whether 1) you are not interested, or 2) you did not receive the email. Hopefully it is the latter and we can proceed forward.*

*As you know, Behavior Analysts, Inc. holds the copyrights for Teaching Language and ABLLS. Accordingly, BAI will continue to make all decisions regarding the printing, distribution and updating of these copyrighted works. BAI will also aggressively pursue any party that infringes these works, whether caused by the unauthorized use or the unauthorized creation of derivative works.*

*We would like to explore with you potential terms for future collaboration between you and BAI with regard to these works. We believe further collaboration between you and Jim makes sense. You both worked together at BAI for 14 years. You are both at the pinnacle of your profession, and are admired and respected by your peers. You both share many of the same beliefs, methodologies, and your life's work is paramount. Both of you stated, "…it's not about the money; it's about the kids." There are hundreds, probably thousands of kids and families that have benefited from the books you've written and many more children that remain to be reached. We are currently pursuing various research opportunities and plan to hire doctoral candidates and recent post-grads to work on these projects. We extend an invitation to you to partner with BAI in any, or several, of these research efforts.*

*We would like to know if you are interested. If you are, we can work on an agreement directly or through your attorney. If you are not interested, BAI will move forward without you.*

*We look forward to your response.*

*Sincerely,*

*Fred Madriaga*

*Director of Operations*
*BEHAVIOR ANALYSTS, INC.*

Mr. Madriaga has stated that Defendant, Behavior Analysts, Inc. would seek to prevent Dr. Sundberg from independently authoring any new editions, versions or extensions of either the Teaching Language or ABLLS works.

33. On information and belief, Dr. Sundberg is owed a sum not less than $80,000 in unpaid royalties under the orally agreed upon formula for sharing profits from the sales of the works at issue.

FIRST CLAIM FOR RELIEF
(Claim For Declaration Of Copyright Ownership
And For An Accounting For Profits)

34. This claim is for declaratory relief and for an accounting for profits brought pursuant to 28 U.S.C. Section 2202 and by reason of the copyright laws of the United States, 17 U.S.C. Section 101, et seq., with jurisdiction being proper in this Court.

35. An actual controversy of a justiciable nature exists between Plaintiff and Defendants over Plaintiff's copyright ownership interests in the ABLLS, Teaching Language and Quick Tips works.

36. Defendants claim sole copyright ownership in said works. However, Defendants do not own sole copyright in said works. The works in question are either derivative works, which carry forward materials originally developed by Dr. Sundberg without any assistance from Dr. Partington in which Dr. Sundberg holds sole copyright, or, at a minimum, they are jointly-authored works in which Dr. Sundberg and Dr. Partington are co-owners of copyright.

37. Either way, Dr. Sundberg is entitled to a declaration that neither Defedant, Behavior Analysts, Inc. is the sole owner of copyright in the works; that Dr. Sundberg is a copyright owner in the works; that Dr. Sundberg has the right to publish derivative works and new editions of his original works; and that he is entitled to a retroactive and on-going accounting for profits from the works in question.

38. Dr. Sundberg holds sole copyright in the 1978, 1987 and 1990 versions of the



JANSSEN DOYLE, LLP

JANSSEN DOYLE, LLP

language assessment and intervention manuals, which he alone wrote. 17 U.S.C. Sections 101 et. Seq. Copyright vests in the author of a work, whether it is published or unpublished, as soon as it is fixed in a tangible medium of expression. Because these manuals were written, respectively, in 1978, 1987 and 1990, Dr. Sundberg received copyright in them at those times.

39. A "derivative work" is defined by the Copyright Act as any work that is "based on one or more pre-existing works" in any other form in which the pre-existing work is "recast, transformed or adapted." 17 U.S.C. Section 101. The Copyright Act grants the copyright owner in the pre-existing work the sole authority to allow the making of derivative works. 17 U.S.C. Section 106(2).

40. The 1998 ABLLS and Teaching Language books, and the 2001 Quick Tips manual, were all derived from Dr. Sundberg's 1978, 1987 and 1990 manuals, and are "derivative works" within the meaning of 17 U.S.C. Section 101. Although Dr. Sundberg impliedly licensed the use of this pre-existing copyrighted material to be used in the 1998 ABLLS and Teaching Language books when he agreed to self-publish those works through Behavior Analysts, Inc., he did not impliedly license use of the 1978, 1987 or 1990 works in conjunction with the 2000 Quick Tips manual.

41. Any use of Dr. Sundberg's copyright material in the Quick Tips manual is therefore without authorization and is an infringement of his copyright in the earlier works. 17 U.S.C. Section 106(2). Dr. Sundberg is, moreover, entitled to an accounting for profits to the extent Quick Tips uses his earlier works.

42. If the 1998 Teaching Language and ABLLS books are adjudged to be derivative works that carry forward in substantial similar form Dr. Sundberg's earlier copyrighted material, then Plaintiff is entitled to a declaration that he (as the original author and sole copyright owner in that material) is entitled to use said material in the future without any authorization from Dr. Partington. 17 U.S.C. Section 201 (a) ("Copyright in a work protected under this title vests initially in the author or authors of the work"). Plaintiff is also entitled to an accounting for any profits that are attributable to his contributions.

43. Alternatively, Plaintiff is entitled to a declaration that the 1998 Teaching Language

JANSSEN DOYLE, LLP

and ABLLS books are “joint works” that were “jointly authored” by Drs. Sundberg and Partington, and that each holds an equal and an undivided co-ownership of copyright in said works. Joint owners are entitled to each share equally in the profits from the jointly authored work, to independently create derivative works without the permission of the other joint author, or to grant nonexclusive licenses to others to copy the work or make derivative works based on the copyrighted work, subject to a duty to share profits with the other joint author.

44. The Copyright Act defines “joint works” as “a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.” 17 U.S.C. Section 101. “The authors of a joint work are co owners of copyright in the work.” 17 U.S.C. Section 201(a).

45. At a minimum, under this definition, Drs. Sundberg and Partington were “joint authors” of the 1998 Teaching Language and ABLLS works and thus are co owners of copyright in those works.

46. As a putative joint author, Dr. Sundberg is entitled to a declaration that he is entitled to independently make derivative works based on the 1998 ABLLS and Teaching Language books and to non-exclusively license others to use, copy and make derivative works based on said books.

47. Dr. Partington and Mr. Madriaga have refused to open their books to Dr. Sundberg or to account to him for the number of books sold, to verify the amount of revenue derived from such sales or in any other manner to allow Dr. Sundberg to verify whether he is receiving copyright royalties at the previously agreed upon rates.

48. Dr. Sundberg is also entitled to an accounting for his share of the profits that Behavior Analysts, Inc., and Dr. Partington have unlawfully retained for themselves. On information and belief, Dr. Sundberg is owed more than $80,000 in back profits under the oral formula agreed upon by Dr. Sundberg and Dr. Partington.

## SECOND CLAIM FOR RELIEF

(Tortious Interference with Prospective Economic Advantage)

JANSSEN DOYLE, LLP

49. Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

50. Plaintiff has economic relationships which contain the probability and expectation of current and future economic benefits to Plaintiff, due to his ownership in the copyrights and publications set forth above.

51. Plaintiff was intended to be able to rely on the income from the agreement he had with Defendant Partington.

52. Plaintiff has sustained damage, as a result of lost income because of the intentional withholding of royalties, which are herein alleged, that were intended to disrupt (and did cause disruption of) this business relationship.

THIRD CLAIM FOR RELIEF

(Unfair Competition)

53. Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

54. This is a claim for unfair competition and arises under Cal. Bus. & Prof. Code § 17200, et seq., and California common law.

55. Defendants' acts, as complained of herein, constitute unfair competition under the common law and statutes of the State of California, particularly under Cal. Bus. & Prof. Code § 17200, et seq.

56. Plaintiff is informed and believes, and thereon alleges, that Defendants' acts were and continue to be willful and intentional.

57. Because of Defendants' unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law. Plaintiff is informed and believes, and thereon alleges, that Defendants' acts will continue unless enjoined by this Court.

58. Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' acts of unfair competition in an amount that is

not presently known to Plaintiff, which revenues are subject to disgorgement in an amount to be determined at trial.

FOURTH CLAIM FOR RELIEF

(Breach of Oral Contract)

59. Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

60. Defendant Partington entered into an oral agreement (the "Agreement") with the Plaintiff. Under the terms of the Agreement, Plaintiff was to share in the proceeds of the sale of the books set forth above.

61. Defendant Partington breached the Agreement by not paying royalties dues to Plaintiff.

62. As a proximate result of the said breach of contract by Defendants, Plaintiff has suffered damages in excess of the jurisdictional minimum of this Court, and in an amount over $80,000.00.

FIFTH CAUSE OF ACTION

(Accounting)

63. Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

64. Defendants have not fully and adequately accounted for all funds and resources received from the sale of the books set forth above. An accounting is necessary to show the amounts sold and monies due to Plaintiff.

PRAYER FOR RELIEF

1. An Order that Dr. Sundberg is the owner of copyright in the works.
2. An Order that Dr. Sundberg is entitled to independently make derivative works based on the 1998 ABLLS and Teaching Language books and to non-exclusively license others to use, copy and make derivative works based on said books.
3. An Order that Defendants open their books to Dr. Sundberg and to account to him for the number of books sold, to verify the amount of revenue derived from such sales or in



JANSSEN DOYLE, LLP

JANSSEN DOYLE, LLP

any other manner to allow Dr. Sundberg to verify whether he is receiving copyright royalties at the previously agreed upon rates.

4. An Order adjudging Defendants has tortuously interfered with the prospective economic advantage of Plaintiff;

5. An Order adjudging Defendants to have engaged in acts of unfair competition under the common law and statutes of the State of California.

6. An order that Defendant account for and turn over to plaintiffs all gains, profits, and advantages derived by Defendant's engaging in acts of tortuous interference with the prospective economic advantage of Plaintiff in violation of the common law and statutes of the State of California and engaging in acts of unfair competition in violation of the common law and statutes of the State of California.

7. An Order adjudging Defendants have breached its Oral Contract with the Plaintiff.

8. An Order setting forth the damages to Plaintiff based on Defendants' breach of the Oral Contract.

9. An Order of accounting.

10. An Order declaring what monies are owed by the Defendants based on the causes of actions set forth herein;

11. An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

12. An award to Plaintiff of the attorneys' fees and costs incurred in connection with this action;

13. That Plaintiff have such other, further, and different relief as the court deems proper under the circumstances.

///

///

///

DATED: April 13, 2007

Respectfully submitted,

JANSSEN DOYLE, llp

By ______________________________

Richard P. Doyle, Jr.
Attorneys for Plaintiff

**JURY TRIAL DEMAND**

Plaintiff, Mark Sundberg demands a jury trial as to all triable issues in this action.

DATED: April 13, 2007

Respectfully submitted,

JANSSEN DOYLE, llp

By ______________________________

Richard P. Doyle, Jr.
Attorneys for Plaintiff

JANSSEN DOYLE, LLP