RICHARD C. VASQUEZ/CA SB#127228
JEFFREY T. LINDGREN, /CA SB # 176400
KATHERINE F. WENGER, /CA SB # 223045
MORGAN MILLER BLAIR, A LAW CORPORATION
1331 N. California Blvd., Suite 200
Walnut Creek, CA 94596-4544
Telephone:   (925) 937-3600
Facsimile:    (925) 943-1106
Katherine F. Wenger
kwenger@mmblaw.com

Attorneys for Defendant James Partington,
and Behavior Analysts, Inc., a California Corporation

UNITED STATES DISTRICT COURT

FOR THE FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Sundberg,<br><br>    Plaintiff,<br><br>v.<br><br>James Partington,<br>and Behavior Analysts, Inc., a California Corporation,<br><br>    Defendants. | Case No. 3:07-cv-02093 JSW<br><br>Complaint Filed: April 13, 2007<br><br>[~~PROPOSED~~] **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

   Whereas pretrial discovery in these actions involving Mark Sundberg, James Partington and Behavior Analysts (the "Parties") shall necessarily involve the disclosure of confidential information of the Parties.

   Whereas the Parties stipulate pursuant to Rule 26(c) of the Federal Rules of Civil Procedure — subject to the approval of the Court — to the following Protective Order:

   **1.    Scope Of Protection.**

   1.1    This Protective Order shall govern any information, document or thing designated pursuant to paragraph 2 of this Protective Order, produced in this case, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials and things, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Protective Order shall also govern any designated information, document or thing produced in this case pursuant to required disclosures under any federal procedural rule, Northern District of California local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery is sought and who desires the protection of this Protective Order.

1.4    This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**2.    Designation.**

2.1    Each party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing produced by it in this case which contains, reflects, or otherwise discloses confidential technical, business and/or financial information. This designation shall be made by marking each page or thing containing Confidential information with the legend CONFIDENTIAL (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 15.

2.2    Each party shall have the right to designate as "Attorneys' Eyes Only," restricted to review by outside attorneys and others specified in Paragraph 4.2 only and subject to this Protective Order, any information, document or thing produced in this case which contains, reflects or otherwise discloses trade secrets, current research and development or other competitively sensitive information. Such "Attorneys' Eyes Only" information, documents and things may include, without limitation, currently competitive trade secrets, confidential technical information, technical practices, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, publishing costs or information about employees. This designation shall be made by marking each page or thing containing Attorneys'

Eyes Only information with the legend ATTORNEYS' EYES ONLY (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 15.

2.3    The parties will use reasonable care to avoid designating any information, documents or things Confidential that are generally available to the public. The parties will also use reasonable care to avoid designating any information, documents or things "Confidential" or "Attorneys' Eyes Only" for which the designating party does not have a good faith belief that the information, documents or things satisfy the criteria set forth in this paragraph. To the extent that material is marked "Confidential" or "Attorneys' Eyes Only" (collectively "Designated Information"), such material shall be revealed to or used only by persons authorized to receive Designated Information pursuant to Paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed Confidential or Attorneys' Eyes Only and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.4    With respect to all materials provided for inspection by a party's counsel, designation need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated Attorneys' Eyes Only from the time of the inspection until otherwise designated pursuant to this Protective Order or produced without a designation.

**3.    Limit On Use And Disclosure Of Designated Information.**

3.1    All recipients of Confidential or Attorneys' Eyes Only information pursuant to this Protective Order shall use any Designated Information governed by this Protective Order only in connection with the prosecution or defense of this case, and for no other purpose

whatsoever, except by consent of the parties or order of the Court and shall maintain the Designated Information as strictly confidential with appropriate safeguards. No party or other person shall disclose or release to any person not authorized under this Protective Order any Designated Information governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose. The party or parties receiving Designated Information shall not under any circumstances sell, offer for sale, advertise, or publicize Designated Information or any information contained therein.

3.2     Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated "Confidential" or "Attorneys' Eyes Only" information received by the party — provided that such rendering of advice and opinions shall not reveal the content of such Designated Information except by prior written agreement with counsel for the producing party.

3.3     The attorneys of record for the parties and other persons receiving Designated Information governed by this Protective Order shall exercise reasonable care to ensure that the Designated Information governed by this Protective Order is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

**4.     Disclosure Of Designated Information.**

4.1     Information, documents or things designated "Confidential" shall be disclosed by the recipient thereof only to:

    a.     the parties

    b.     the outside attorneys of record for the parties, including outside counsel retained for this litigation by any parent of any Defendant, and their partners, attorney employees, and their authorized secretarial, clerical and legal assistant staff;

    c.     up to five (5) employees and/or officers of Behavior Analysts having responsibility for providing oversight of or assistance in the litigation

    d.     consultants or experts and their staffs retained by the parties or their attorneys for purposes of this case, subject to the procedures of paragraph 6:

  e. the Court and Court personnel;

  f. court reporters employed in connection with this case;

  g. outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators); and

 4.2 Information, documents or things designated "Attorneys' Eyes Only" shall be disclosed only to:

  a. the outside attorneys of record for the parties, and their partners, attorney employees, and their authorized secretarial, clerical and legal assistant staff;

  c. consultants or experts and their staffs retained by the parties or their attorneys for purposes of this case, subject to the procedures of paragraph 6:

  e. the Court and Court personnel;

  f. court reporters employed in connection with this case;

  g. outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators); and

 4.3 No disclosure of Designated Information shall be made to persons in sub-paragraphs 4.1(b)-(d), (g) and 4.2(b)-(d), (g) unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party. Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidentiality Undertaking. An individual signing a Confidentiality Undertaking, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Protective Order. In any case, the provisions of paragraph 6 must be followed prior to any disclosure of Confidential or Attorneys' Eyes Only information to experts, consultants or their staff.

 4.4 If any Designated Information is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of

MORGAN
MILLER
BLAIR,
A
LAW
CORPORATION

5

[PROPOSED] CONFIDENTIALITY STIP. & PROTECTIVE ORDER CASE NO. 3:07-CV-02093 JSW

such disclosure shall, immediately on discovery of that disclosure, inform the producing party of all facts pertinent to the disclosure and make all reasonable efforts to prevent further disclosures by each unauthorized person who received such information.

### 6. Identification Of Experts And Limitation On Expert Discovery.

6.1 Before any party discloses information designated Confidential or Attorney's Eyes Only to any expert or consultant pursuant to paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or consultant's past, current and anticipated consulting or other employment relationships, a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years and all prior and/or present relationships between the expert or consultant and the parties in this case.

6.2 The attorney for the producing party shall have seven (7) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Objections shall not be made except where the objecting party has a good faith belief that it may be harmed by the disclosure of the party's information. Any objection made to an opposing party shall state in detail the basis for the objection. If no objection is made within the seven (7) business day period, the consultant or expert shall be permitted to receive Confidential or Attorney's Eyes Only information pursuant to the terms of this Protective Order.

6.3 The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the consultant or expert within ten (10) business days after the objection was made. If any such motion is made, the objecting party shall bear the burden of proof. If no such motion is made within said ten (10) business day period, the consultant or expert shall be permitted to receive Confidential or Attorneys' Eyes Only information pursuant to the terms of this Protective Order.

MORGAN
MILLER
BLAIR,
A
LAW
CORPORATION

6

[PROPOSED] CONFIDENTIALITY STIP. & PROTECTIVE ORDER     CASE NO. 3:07-CV-02093 JSW

In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

6.4 A testifying expert's draft reports, notes, outlines, and any other writings leading to his or her final report in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his or her work are exempt from discovery unless relied upon by the expert in forming his or her opinions.

7. **Related Documents.**

Information, documents or things designated "Confidential" or "Attorneys' Eyes Only" may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with paragraph 8.

8. **Designation Of Hearing Transcripts And Deposition Transcripts And Exhibits.**

8.1 Deposition transcripts, or portions thereof, may be designated as containing Confidential or Attorneys' Eyes Only information subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party may direct, or (b) within ten (10) business days after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Confidential or Attorneys' Eyes Only information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2     Any party may mark any document or thing containing Confidential or Attorneys' Eyes Only information as an exhibit to a deposition, hearing or other proceeding, provided the witness is qualified under the terms of this Protective Order to have access to such designated material.

8.3     During any deposition in this matter, if a designating party objects to a line of questioning as seeking confidential or attorneys' eyes only information, any person not qualified to receive such information pursuant to paragraph 4 may be excluded from the deposition until the line of questioning seeking such confidential or attorneys' eyes only information is complete.

8.4     At any court hearing or proceeding no party is prevented by this Protective Order from moving the Court to close the hearing and designate all or portions of the transcript as Confidential or Attorneys' Eyes Only information.

**9.     Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated Confidential or Attorneys' Eyes Only to any current employee of the producing party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) would have received the particular document or would have been expected to know the contents of particular document based on his/her position. Regardless of the designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness without revealing any portion of the contents of the document or testimony, and such discussion shall not constitute disclosure in violation of this Protective Order.

**10.    Confidentiality Of Party's Own Documents.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own

information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

**11. Designation Of Documents Under Seal.**

Any information designated Confidential or Attorneys' Eyes Only, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any other party's Confidential or Attorneys' Eyes Only information subject to this Protective Order shall file such paper under seal in compliance with and pursuant to Northern District Civil Local Rule 79-5.

**12. Challenge To Confidentiality.**

12.1 This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an order permitting the disclosure or use of Designated Information otherwise prohibited by this Protective Order, or (c) applying for a further order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12.2 If a party seeks de-designation of particular items the following procedure shall be utilized:

MORGAN
MILLER
BLAIR,
A
LAW
CORPORATION

9

[PROPOSED] CONFIDENTIALITY STIP. & PROTECTIVE ORDER    CASE NO. 3:07-CV-02093 JSW

       a.    The party seeking such de-designation shall give counsel of record for the designating party written notice thereof specifying the Designated Information as to which such removal is sought and the reasons for the request; and

       b.    If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed. On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as Confidential or Attorneys' Eyes Only information and the receiving party shall establish that the information is an appropriate target of discovery.

### 13. Inadvertent Disclosure Of Privileged Information.

The procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) shall govern in the event of a claim of inadvertently produced privileged information. Production of privileged material without an express written notice of intent to waive the attorney-client or work product protection shall not be deemed a waiver of the attorney-client privilege or work product protection so long as the producing party timely informs the receiving party of the identity of the materials mistakenly produced after learning of the mistaken production.

### 14. Inadvertent Failure To Designate.

A producing party or nonparty that inadvertently fails to designate information, documents or things pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, to the receiving party within five (5) business days of discovery that the information, documents or things were not properly designated. The receiving party shall not be in violation of this Protective Order for disclosures made prior to receipt of notification. Those individuals who reviewed the information, documents or things prior to the notice of misdesignation or failure to designate by the producing party shall return to counsel for the producing party or destroy and certify

destruction of all copies of the misdesignated information, documents or things within ten (10) business days after receipt of such notification.

### 15. Prior Or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure is made prior to disclosure or is public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

### 16. Limitation Of Protective Order.

Nothing in this Protective Order is intended to alter the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any Discovery Order issued by the Court. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege, work product immunity, and/or other immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 17. Other Proceedings.

If Designated Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, the receiving party to whom the discovery request or compulsory process is directed shall promptly after receipt thereof give written notice by hand, certified mail, facsimile or electronic transmission of such discovery request or compulsory process to the producing party, and provide the producing party with a copy of the discovery request or compulsory process. If the producing party timely makes a motion to quash, and to the extent permitted by law, the receiving party shall withhold such Designated Information until disposition of any such motion to quash.

MORGAN
MILLER
BLAIR,
A
LAW
CORPORATION

[PROPOSED] CONFIDENTIALITY STIP. & PROTECTIVE ORDER    CASE NO. 3:07-CV-02093 JSW

11

18. **Non-Party Material.**

The terms of this Protective Order are applicable to Confidential, Attorneys' Eyes Only information provided by a non-party. Information provided by a non-party in connection with this case and designated Confidential or Attorneys' Eyes Only pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

19. **Return Of Designated Information.**

Within ninety (90) calendar days after the final termination of the this action by unappealable judgment, exhaustion of all appeals or settlement, upon written request, each party shall assemble and return, or certify destruction of, all Designated Information and all other materials containing Designated Information, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain, constitute or reflect attorney work product, attorney-client privilege communications, and/or other immune communications may be retained by outside counsel, subject to a continuing obligation to protect Designated Information pursuant to this Protective Order.

20. **Waiver Or Termination Of Protective Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Designated Information for enforcement of the provisions of this Order following termination of this matter.

21. **Modification of Protective Order.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.

22. **Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Protective Order.

23. **Days**

All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

Dated: 8-29, 2007

Dated: _____, 2007

MARK SUNDBERG

JAMES PARTINGTON
INDIVIDUALLY AND ON BEHAOF OF BEHAVIOR
ANALYSTS, INC., A CALIFORNIA CORPORATION

JANSSEN DOYLE LLP

Dated: 8-29, 2007

RICHARD P. DOYLE
ATTORNEYS FOR PLAINTIFF MARK SUNDBERG

MORGAN MILLER BLAIR

Dated: _____, 2007

RICH C. VASQUEZ
ATTORNEYS FOR DEFENDANTS JAMES
PARTINGTON AND BEHAVIOR ANALYSTS, INC.

**IT IS SO ORDERED:**

22. **Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Protective Order.

23. **Days**

All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

Dated: _____, 2007

Dated: __8/24__, 2007

MARK SUNDBERG

_____
JAMES PARTINGTON
INDIVIDUALLY AND ON BEHAOF OF BEHAVIOR
ANALYSTS, INC., A CALIFORNIA CORPORATION

Dated: _____, 2007

JANSSEN DOYLE LLP

_____
RICHARD P. DOYLE
ATTORNEYS FOR PLAINTIFF MARK SUNDBERG

MORGAN MILLER BLAIR

Dated: __8/24__, 2007

_____
RICH C. VASQUEZ
ATTORNEYS FOR DEFENDANTS JAMES
PARTINGTON AND BEHAVIOR ANALYSTS, INC.

**IT IS SO ORDERED:**

1 Dated: September 5, 2007

_____
HONORABLE JEFFREY S. WHITE

MORGAN
MILLER
BLAIR,
A
LAW
CORPORATION

14

[PROPOSED] CONFIDENTIALITY STIP. & PROTECTIVE ORDER     CASE NO. 3:07-CV-02093 JSW
MMB:10076-005:803667.1